ATTORNEY FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0612-CR-494

RICHARD BROWN,                             *Appellant (Defendant below),*

v.

STATE OF INDIANA,                     *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F09-0407-FD-137884
The Honorable Mark Stoner, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0506-CR-321

**June 22, 2007**

**Dickson, Justice.**

The defendant, Richard Carlos Brown, appeals his convictions and resulting sentence on three counts of criminal confinement and three counts of identity deception, all class D felonies. The Court of Appeals reversed the criminal confinement convictions, finding the applicable statutory provisions unconstitutionally vague, but it affirmed the convictions for identity deception and remanded for sentencing. Brown v. State, 848 N.E.2d 699, 713, 716 (Ind. Ct. App. 2006), *aff'd on reh.*, 856 N.E.2d 739 (Ind. Ct. App. 2006). Both the defendant and the State sought transfer, which we granted. Brown v. State, 860 N.E.2d 599 (Ind. 2006) (table). Finding that the criminal confinement statute cannot serve as a basis for the convictions in this case and

that the evidence is insufficient to establish all of the statutory elements of identity deception, we reverse.

The criminal charges stemmed from a series of incidents in which the defendant, pretending to work for a radio station, telephoned at least three adult men and falsely informed them of a radio contest in which they could each win a new car or cash if they would drive from their places of employment to a particular address (which happened to be the defendant's residence), enter and remove all of their clothes, and exchange them for a T-shirt. Each of the men appeared at the defendant's home, and two of the men satisfied the fictitious contest requirements but received no prize. Each man contacted the radio station and discovered that it had no such employee and was not sponsoring any such contest.

The defendant asserts numerous issues on appeal, but two are dispositive.

## 1. Criminal Confinement as Removal by Fraud or Enticement

The defendant contends that the criminal confinement convictions fail for vagueness because the statute provides neither adequate notice to defendants about what conduct has been criminalized nor minimal guidelines to distinguish criminal from innocent conduct. The State denies that the statutory language is vague, especially when applied to the defendant in this case, and that, because the defendant's conduct "was clearly fraud and/or enticement, his conduct falls squarely within the confines of the statute, and the statute was not vague as applied to him." Appellee's Br. at 16.

Each of the three counts of criminal confinement charged that the defendant knowingly used "fraud" or "enticement" to "remove [a person] from one place to another. . . ." Appellant's App'x at 80, 81. To the extent pertinent to these charges, the applicable statute provided:

(a) A person who knowingly or intentionally:
(1) . . .
(2) *removes* another person, by *fraud*, *enticement*, force, or threat of force, from one (1) place to another;
commits criminal confinement . . ., . . . a Class D felony.

2

Ind. Code § 35-42-3-3(a) (2004) (emphasis added) (amended 2006).

A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. State v. Lombardo, 738 N.E.2d 653, 655 (Ind. 2000). The party challenging the statute has the burden of proving otherwise. Brady v. State, 575 N.E.2d 981, 984 (Ind. 1991).

Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. Klein v. State, 698 N.E.2d 296, 299 (Ind. 1998) (citing Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. City of Chicago v. Morales, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 79-80 (1999); Healthscript, Inc. v. State, 770 N.E.2d 810, 815-16 (Ind. 2002). A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." Healthscript, Inc., 770 N.E.2d at 816 (quoting United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 946 (1954)). In State v. Downey, 476 N.E.2d 121, 123 (Ind. 1985), this Court emphasized that "there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur. It cannot be left to juries, judges, and prosecutors to draw such lines." Accordingly, the statutory language must "convey sufficiently definite warning as to the proscribed conduct when measured by common understanding." Rhinehardt v. State, 477 N.E.2d 89, 93 (Ind. 1985).

But a statute "is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct." Klein, 698 N.E.2d at 299; accord Lombardo, 738 N.E.2d at 656. And the statute does not have to list specifically all items of prohibited conduct; rather, it must inform the individual of the conduct generally proscribed. Lombardo, 738 N.E.2d at 656. The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case. Id.

3

The defendant's vagueness claim focuses on three terms in the statute: "remove," "fraud," and "enticement."  To determine whether the vagueness doctrine applies, we consider each of these terms not in isolation, but in context.  The statute does not provide a particular definition for any of these three terms.  In our evaluation of the defendant's vagueness claim, which hinges upon how ordinary people understand statutory language, we prefer to consult standard dictionaries, not a specialized legal dictionary as cited by the State.

Such dictionaries advise that "remove" means to move from a place or position.[1]  The statute thus proscribes conduct that causes another person to move from one place to another for reasons identified as improper: fraud, enticement, force, or threat of force.  The word "remove," as used in the statute, rather straightforwardly and fairly informs a reasonably intelligent person that it is unlawful to cause another person to move from a place or location for specified improper reasons.  We reject the defendant's claim that the statute is unconstitutionally vague by reason of its use of the word "remove."

But the terms "fraud" and "enticement," as used in the statute, are problematic.  Ordinary people commonly understand "fraud" to mean "trickery," "deception," or "deceit."[2]  Thus understood, the offense of criminal confinement, a class D felony, would be committed whenever a person knowingly or intentionally causes another person to change location by means of trickery, deception, or deceit.  The scope of such proscription would embrace a vast assortment of very acceptable and even salutary conduct that is clearly not criminal in nature, e.g., using misleading reasons to secure a person's attendance for their surprise birthday celebration; evoking Santa Claus's watchful eye to induce a child to go to bed; employing flattery or exaggeration to motivate another person to attend an event; asserting an untruth to persuade an Alzheimer's patient to enter the location of a caregiver.

_____

[1] *See, e.g.*, The American Heritage Dictionary 1046 (2d ed. 1985) ("[t]o move from a position occupied"); The Random House College Dictionary 1116  (Rev. ed. 1984) ("to move from a place or position").

[2] *See, e.g.*, The American Heritage Dictionary 531 (2d ed. 1985) ("**1**. A deception deliberately practiced in order to secure unfair or unlawful gain.  **2.** A piece of trickery"); Webster's Ninth New Collegiate Dictionary 490 (1987) ("**1 a**:  DECEIT, TRICKERY; specif[ically]:  intentional perversion of truth in order to induce another to part with something of value or to surrender a legal right **b**:  an act of deceiving or misrepresenting:  TRICK").

Criminal confinement for removal by enticement can likewise be applied to criminalize an assortment of legitimate, normal everyday behavior. The word "enticement" is commonly understood to mean the act of attracting, luring, or tempting another by arousing hope or desire.[3] The offense of criminal confinement, a class D felony, would thus occur whenever a person knowingly or intentionally arouses hope or desire in another person to lure or attract the other to change location. Literally, this proscription would include a broad array of quite acceptable human behavior, e.g., intra-spousal and parent-child communications to induce a change in location; commercial advertising to entice travel or visits to stores or events; religious appeals to foster church attendance. As to both fraud and enticement, the possibilities seem endless.

Such obvious possibilities of intuitively improper applications of the criminal confinement statute is persuasive evidence that, with respect to removal by fraud or enticement, the statute fails to "indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur." Downey, 476 N.E.2d at 123. And it is likewise vulnerable because it authorizes or encourages arbitrary or discriminatory enforcement. Healthscript, 770 N.E.2d at 815-16. As it seeks to prohibit removal by fraud or enticement, the criminal confinement statute fails to inform the individual of the conduct generally proscribed. Lombardo, 738 N.E.2d at 656.

We therefore conclude that the criminal confinement statute, Ind. Code § 35-42-3-3, as to its inclusion of the words "fraud" and "enticement," is void for vagueness, and cannot be a basis for the defendant's convictions in this case. But this does not invalidate the statute as a whole. To preserve the constitutionality of a criminal statute, courts "may give it a narrowing construction to save it from nullification, where such construction does not establish a new or different policy basis and is consistent with legislative intent." Downey, 476 N.E.2d at 123.[4]

---

[3] *See, e.g.*, The American Heritage Dictionary 457 (2d ed. 1985) (defining "entice" to mean: "To attract by arousing hope or desire; lure"); Webster's Ninth New Collegiate Dictionary 415 (1987) (defining "entice" to mean: "to attract artfully or adroitly or by arousing hope or desire: TEMPT").

[4] In Downey, this Court construed a criminal statute defining the offense of neglect of a dependent to exclude the word "may" in the phrase "that *may* endanger his life or health." Ind. Code 35-1-46-1-4(a)(1) (emphasis added) (since amended).

As noted above, the statute is not infirm by reason of the term "remove." We therefore construe the Indiana criminal confinement statute to exclude from Section 3-3(a)(2) the phrase "by fraud, enticement," leaving it intact as to its proscription against a person who knowingly or intentionally "removes another person by force or threat of force" from one place to another. Because the defendant was convicted of removing persons by fraud and/or enticement, we reverse his criminal confinement convictions.

**2. Identity Deception as Using Information that Identifies an Individual**

The defendant contends that the evidence is insufficient to establish the elements of the three identity deception charges because there was no evidence that he used the identifying information of a particular individual.

Each of the three counts of identity deception charged that the defendant "did knowingly use the identifying information of another person, namely Radio Now (93.1), without the other person's consent and with the intent to harm or defraud another person, . . and/or profess to be another person, that is: an agent of Radio Now (93.1)." Appellant's App'x at 80-81. To the extent pertinent to these charges, the applicable statute provided:

> (a) . . ., a person who knowingly or intentionally . . . uses the identifying information of another person:
> (1) without the other person's consent; and
> (2) with intent to:
>     (A) harm or defraud another person;
>     (B) . . .; or
>     (C) profess to be another person;
> commits identity deception, a Class D felony.

Ind. Code § 35-43-5-3.5(a) (2004) (amended 2006). For the purposes of this provision, and as relevant to the charged offense, the phrase "identifying information" is specifically defined to mean "information that identifies an *individual*, including an *individual's* . . . name, address, date of birth, place of employment, employer identification number, mother's maiden name, Social Security number, or any identification number issued by a governmental entity . . ." Ind. Code § 35-43-5-1(h) (2004) (emphasis added) (current version at Ind. Code § 35-43-5-1(i)). The word

"individual" is commonly understood to refer to a single human being,[5] in contrast to "person," which can mean either an individual human being or a corporation or other legal entity.[6]

In addressing a claim of insufficient evidence, an appellate court considers only the probative evidence and reasonable inferences supporting the judgment to assess whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Whedon v. State, 765 N.E.2d 1276, 1277 (Ind. 2002). Applying this standard, the trial evidence establishes that the defendant spoke to three people about the phony contest, each time identifying himself as a representative of the radio station, a corporation. And with at least one of the people, the defendant claimed to be "Scott Ross," a representative of the radio station. But this was a fictitious name created by the defendant and did not coincide with any real person.

When construing a penal statute, ambiguous language must be construed strictly against the State and in favor of the accused. Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005). Applying the phrase "identifying information" as defined by the statute, the charge against the defendant required the State to prove that the defendant used *an individual's* name, address, date of birth, or other identifiers, to commit the charged crime. While there was evidence that the defendant used information identifying the corporate radio station without its consent, there was no evidence that he used the name, address, date of birth, or other identifiers of any existing human being in perpetrating his hoax.

Because the evidence does not establish that the defendant committed the offense by using information specifically identifying another individual human being, the evidence is insufficient to prove all of the elements of the charged crimes of identity deception.

---

[5] *See, e.g.*, American Heritage Dictionary 656 (2d ed. 1985) (defining the noun "individual" to mean: "A single human being considered separately from a group or from society."); Random House College Dictionary 678 (Rev. ed. 1984) (defining the noun "individual" to mean: "a single human being, as distinguished from a group.")

[6] *See, e.g.*, American Heritage Dictionary 925 (2d ed. 1985) (in part defining the noun "person" to mean: "A human being or organization with legal rights and duties."); Random House College Dictionary 990 (Rev. ed. 1984) (in part defining the noun "person" to mean: "a human being, a group of human beings, a corporation, an estate, or other legal entity recognized by law as having rights and duties.")

## Conclusion

The defendant's convictions for criminal confinement and identity deception are each reversed, and we remand for further proceedings in conformity with this opinion.

Sullivan, Boehm, and Rucker, JJ., concur. Shepard, C.J., dissents as to part 1 and concurs as to part 2, without separate opinion.