**Chad A. WEIDEMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 87A01–0801–CR–51.

Court of Appeals of Indiana.

July 16, 2008.

---

Terry A. White, Olsen, White & Hambidge, LLP, Evansville, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Chad M. Weideman (Weideman), appeals his conviction for public nudity, as a Class B misdemeanor, Ind.Code § 35–45–4–1.5(c).

We reverse and remand.

*ISSUES*

Weideman raises three issues, which we restate as the following two issues:

(1) Whether the public nudity statute, I.C. § 35–45–4–1.5, is unconstitutionally vague; and

(2) Whether the evidence is sufficient to support the conviction of Weideman beyond a reasonable doubt.

*FACTS AND PROCEDURAL HISTORY*

On June 10, 2006, at approximately 8:45 p.m., Gerald Bowser (Bowser) and his girlfriend Patty Hogan (Hogan) went out to his truck that was parked on the street in front of his residence. Although it was

dark outside, they both saw someone standing by a fence on Bowser's property. Bowser then drove his truck on to the sidewalk and pointed his headlights at the person. When the lights shined upon the person, they saw their neighbor, Weideman, standing there naked with a look of panic or surprise on his face. Weideman immediately dropped and rolled into a nearby ditch that went between Bowser and Weideman's property and crawled on his hands and knees to the back of his property. Hogan called the police.

On August 3, 2006, the State filed an Information charging Weideman with public nudity, as a Class B misdemeanor, I.C. § 35–45–4–1.5(c). On May 11, 2007, the trial court held a bench trial. At the close of evidence, the trial court requested Weideman and the State to submit authority on the statutory requirement of a "public place," under I.C. § 35–45–4–1.5. On August 13, 2007, the trial court found Weideman guilty of public nudity, as a Class B misdemeanor. On November 26, 2007, the trial court sentenced Weideman to 180 days in the Warrick County Security Center, but suspended that sentence and ordered Weideman to serve one year of probation.

Weideman now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION [1]

### I. *Is the Public Nudity Statute Unconstitutional?*

Weideman argues that the public nudity statute is void for vagueness. More spe-

cifically, Weideman contends that the term "public place" is ambiguous or vague "such that a reasonable person would not be apprised that he could not be nude under the cover of darkness in the front yard of his private residence." (Appellant's Br. p. 5).[2]

■■■ A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. *Brown v. State*, 868 N.E.2d 464, 467 (Ind.2007). Due process principles direct that a penal statute is void for vagueness if it does not clearly define what is prohibited. *Id.* A criminal statute may be invalidated for vagueness for either of two reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, or (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. *Id.* Moreover, the statutory language must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding. *Id.* Thus, a statute is not void for vagueness if persons of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct. *Id.* "The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case." *Id.*

■■■ Indiana Code section 35–45–4–1.5(c) provides, in pertinent part: "a person who knowingly or intentionally ap-

---

1. Weideman begins his argument by citing to a memorandum decision and then later compares the facts of that memorandum decision to the facts of this case. We remind Weideman that memorandum decisions are not be cited to except by parties to the case to establish *res judicata*, collateral estoppel, or law of the case, none of which are applicable here. Ind. Appellate Rule 65(D).

2. The introduction to Weideman's argument section additionally alleges that the statute is overbroad; however, Weideman makes no argument on this allegation, and we will not to make one for him.

pears in a public place in a state of nudity with the intent to be seen by another person commits a Class B misdemeanor." Weideman's vagueness claim focuses on the phrase "public place." Although Weideman contends that the phrase "public place" is ambiguous, he cites to our supreme court's definition of that phrase in *State v. Baysinger*, 272 Ind. 236, 397 N.E.2d 580, 583 (1979). Our supreme court determined in the context of the former public indecency statute, I.C. § 35–45–4–1 (1979), which prohibited appearing in a state of nudity in a public place, that the phrase "public place" was not vague and meant "any place where the public is invited and are free to go upon special or implied invitation[;] a place available to all or a certain segment of the public." *Id.* We find no reason why this definition should not be applied to the public nudity statute, I.C. § 35–45–4–1.5, which prohibits the same conduct as our former public indecency statute—appearing nude in a public place.

 That being said, assigning this definition of public place will not get Weideman the result he requests. Weideman is correct when he contends that he was not standing in a public place when he was seen by Bowser and Hogan. However, the statute prohibits *appearing* nude in a public place. *See* I.C. § 35–45–4–1.5. The term "appears" is not defined by the public nudity statute; nor did the *Baysinger* court determine what the term "appears" meant in context of our former public indecency statute. Undefined words in a statute are usually given their plain, ordinary and usual meaning. *See* I.C. § 1–1–4–1(c). Courts may consult English language dictionaries to ascertain the plain and ordinary meaning of a statutory term. *Stratton v. State*, 791 N.E.2d 220, 224 (Ind.Ct.App.2003). "Appears" has been defined as: "to come forth, be visible

... to come into view ... to become visible." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 103 (2002). Therefore, we conclude that the public nudity statute prohibits knowingly or intentionally being visibly nude to persons in a public place. This would include being nude in your front yard or your neighbor's front yard if you are visible to a sidewalk or road. Further, we conclude that the statute provides notice enabling ordinary people to understand the conduct that it prohibits, and it does not encourage arbitrary or discriminatory enforcement. Thus, we conclude that the public nudity statute is not void for vagueness.

## II. *Sufficiency of the Evidence*

 Weideman also argues that, even if the public nudity statute is constitutional, the evidence presented by the State was insufficient to support his conviction for public nudity, as a Class B misdemeanor. Specifically, he first contends that no witness testified that they saw his genitalia, pubic area, or buttocks. Secondly, he contends that there was no evidence that he had a specific intent to be seen.

We have previously expressed our standard of review for challenges to the sufficiency of evidence by stating:

> Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. [ ] Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense.

*Perez v. State,* 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied* (citations omitted).

As for Weideman's first contention, he is correct in asserting that the State was required to prove beyond a reasonable doubt that he was nude. I.C. § 35–45–4–1.5(c). The public nudity statute defines the term "nude" by referring to Indiana Code section 35–45–4–1(d), which states:

> As used in this section, nudity means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state.

He contends that since no witness specifically stated that they saw his genitals, pubic area, or buttocks, the State failed to present sufficient evidence to prove that he was nude. However, Bowser testified that he saw Weideman "standing there . . . with no clothes on." (Tr. p. 6). Additionally, when cross-examined by Weideman's counsel, Bowser testified as follows:

> Weideman's counsel: Are you sure he didn't have at least some sort of brief on?
>
> Bowser: No, sir. I saw with my lights.
>
> \* \* \*
>
> Weideman's counsel: So you saw the back of him?
>
> Bowser: I saw the front of him, too, sir, when I turned the lights on.

(Tr. p. 18). Further, Hogan testified not only that Weideman was naked, but more specifically that he did not have any briefs on. (Tr. p. 23). We conclude that this testimony is sufficient evidence to prove beyond a reasonable doubt that Weideman was nude.

The State was also required to prove beyond a reasonable doubt that Weideman had an "intent to be seen by another person" in order to convict Weideman of public nudity as a Class B misdemeanor. I.C. § 35–45–4–1.5(c). During the trial, Bowser testified that it was dark outside, and when he turned his truck lights on, Weideman had a panicked look on his face and "he turned to the ditch and just dropped, he just, like fell down and rolled." (Tr. p. 7). "[H]e dropped and rolled into the ditch and then he crawled on his hands and knees down the ditch to the back of the property." (Tr. p. 8). Weideman testified at the trial that he did not want to be seen. (Tr. p. 29). Based on our review of the record, we conclude that the State presented insufficient evidence to prove beyond a reasonable doubt that Weideman intended to be seen. Therefore, we must reverse Weideman's conviction for public nudity, as a Class B misdemeanor.

"When a conviction is reversed because of insufficient evidence, we may remand for the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense." *Neville v. State,* 802 N.E.2d 516, 519 (Ind.Ct.App.2004), *trans. denied.* The lesser-included offense is factually included in the crime charged if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. *Id.* Here, the Information alleged that Weideman appeared in a state of nudity in a public place with the intent to be seen by another. (Appellant's App. p. 7). In addition to the Class B misdemeanor that Weideman was charged with, the public nudity statute also provides that "[a] person who knowingly or intentionally appears in a public place in a state of nudity commits public nudity, a Class C

misdemeanor." I.C. § 35–45–4–1.5(b). The evidence presented by the State was sufficient to support a conviction of Weideman for public nudity as a Class C misdemeanor, and that crime was factually included in the allegations of the charging Information. Accordingly, we remand to the trial court with instructions to enter a judgment convicting Weideman of public nudity, as a Class C misdemeanor, and to resentence Weideman.

## CONCLUSION

Based on the foregoing, we conclude that the public nudity statute is not unconstitutionally vague, but that the State failed to present evidence sufficient to prove beyond a reasonable doubt that Weideman committed public nudity, as a Class B misdemeanor.

Reversed and remanded with instructions.

BAKER, C.J., and ROBB, J., concur.