**In re the Matter of C.F. and A.F.**

**The Indiana Department of Child Services, Appellant,**

v.

**C.F., and S.C., Appellees.**

**No. 32A05–0906–JV–328.**

Court of Appeals of Indiana.

Aug. 19, 2009.

### ORDER

JOHN G. BAKER, Chief Judge.

Appellant, by counsel, has filed a Motion to Dismiss Appeal. Appellant asserts that the issue in the current appeal "is now moot" because a panel of this Court issued an opinion on the issue "of who is to pay the fees associated with the Guardian ad Litem in a 'CHINS' proceeding...." *Motion to Dismiss* at 2. The Motion is based solely on the existence of that opinion. It does not set forth any other law on the issue, nor does it address whether the facts and circumstances underpinning the determination by the trial court in the current appeal are so similar as to suggest a similar result as the previous opinion by this Court.

This Court is respectful of the decisions of other panels and has so indicated in previous decisions. *See, e.g., Lincoln Utils., Inc. v. Office of Util. Consumer Counselor,* 661 N.E.2d 562, 565 (Ind.Ct. App.1996) (a court on appeal will follow its previous decisions unless provided with strong justification for departure), *trans. denied.* Indiana does not, however, recognize horizontal *stare decisis.* Thus, each panel of this Court has coequal authority on an issue and considers any previous decisions by other panels but is not *bound* by those decisions. *See e.g., O'Casek v. Children's Home and Aid Society of Illinois,* 229 Ill.2d 421, 323 Ill.Dec. 2, 892 N.E.2d 994, 1014 n. 4 (2008) (horizontal *stare decisis* is not an inexorable command, whereas vertical *stare decisis* is an obligation to follow the decisions of superior tribunals).

The Indiana Appellate Rules specifically contemplate diverse outcomes by panels of this Court. Appellate Rule 57, governing petitions for transfer to our Supreme Court, recognizes conflicting decisions by this Court's panels as a ground for transfer.

It is axiomatic that the body of law on a topic is shaped by distinctions in the facts and circumstances presented in each case. As noted above, the Appellant in the instant Motion failed to set forth whether the facts and circumstances of the underlying proceedings in the appeal it seeks to dismiss are similar to those in the previous opinion such that a similar result would generally follow. *See* Ind. Professional Conduct Rule 3.1, Comment ("[T]he law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.").

For the foregoing reasons, the Motion to Dismiss must be denied.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion to Dismiss is DENIED.