*1109 BRADFORD, Judge.
I concur with the majority’s conclusion that the trial court acted within its discretion in admitting the handgun discovered on ^Moore’s person into evidence. I also concur with the majority’s conclusion that the Iliin'ois statute for residential burglary was substantially similar to the Indiana burglary statute. However, because I believe that the evidence was such that the trial court, acting as the trier-of-fact, could reasonably conclude that Moore’s actions were the proximate cause of Officer Hel-mer’s injury, I respectfully dissent from the majority’s conclusion that the evidence was insufficient to sustain Moore’s conviction for Level 6 felony resisting arrest.
Sufficiency of the Evidence to Prove , Moore’s Actions “Caused” Officer Helmer’s Injury
Indiana Code section 35-44.1-3-1(b)(1)(B) provides that the offense of. resisting law enforcement is a Level 6 felony if while committing the offense, the person “inflicts bodily injury on or otherwise causes bodily injury to another person.” (Emphasis added). In order to support a conviction based on injury, to another, the State must prove that a defendant’s, actions were the proximate cause of: the victim’s injury. See generally, Abney v. State, 766 N.E.2d 1175,1177-78 (Ind.2002) (providing that it is well-settled that the State must prove that the defendant’s conduct was the proximate cause of the victim’s injury or death). A determination as to whether an act was the proximate cause of the injury to the victim is generally a question of fact. See Hellums v. Raber, 853 N.E.2d 143,146 (Ind.Ct.App.2006). At a minimum, proximate cause requires that the injury would not have occurred “but for” the' defendant’s conduct. Paragon Family Rest, v. Bartolini, 799 N.E.2d 1048, 1054 (Ind.2003).[6]
In the instant matter, the evidence demonstrates that Moore resisted law enforcement by running away after being stopped by Officer Helmer. Officer Helmer was injured when he fell while chasing after Moore. The evidence is such that the trial court, acting as the trier-of-fact, could reasonably form the inference that Moore’s act of running from Officer Helmer was the proximate cause of Officer Helmer’s injury. In addition, it is not unreasonable to anticipate that a consequence of fleeing from the police would be that an officer could fall and -be .injured during the ensuing chase. I would therefore conclude that the evidence is sufficient. to prove that Moore “caused” Officer Helmer’s injury and affirm Moore’s conviction for Level 6 felony resisting law enforcement.

. In concluding that the evidence is insufficient to sustain the enhanced felony conviction, the majority cites to this court’s decision in Smith v. State, 21 N.E.3d 121 (2014). In Smith, a panel of this court concluded that the evidence was insufficient to sustain the enhanced felony conviction because the Officer was injured as a result of his decisions rather than Smith’s actions, which the court deemed were a “passive part of the encounter.” 21 N.E.3d at 125. The majority interprets the Smith Court’s holding to imply that Smith’s actions were not a proximate cause of the Officer's injuries. I respectfully disagree with the conclusion in Smith that the Officer’s injuries were not proximately caused by Smith’s actions. ■ Furthermore, as with the instant case, I feel that the determination of proximate cause in Smith is one which should be left to the fact-finder.