

FILED

Feb 14 2017, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Charles Hayes
Hayes Ruemmele, LLC f/k/a
Sweeney Hayes, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jody Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Sameer Girish Thakar,<br>*Appellee-Defendant.* | February 14, 2017<br><br>Court of Appeals Case No.<br>29A02-1606-CR-1265<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Wayne A.<br>Sturtevant, Judge<br><br>Trial Court Cause No.<br>29D05-1602-FD-1056 |

**Barnes, Judge.**

## Case Summary

[1]     The State appeals the trial court's dismissal of its charging information against

Sameer Girish Thakar for one count of Class D felony dissemination of matter

harmful to minors. We affirm.

## Issue

The sole issue is whether the statutes criminalizing and defining dissemination of matter harmful to minors are unconstitutionally vague as applied to the alleged conduct in which Thakar engaged.

## Facts

On February 9, 2016, the State filed an information charging Thakar with Class D felony dissemination of matter harmful to minors. Specifically, the State alleged that, on January 28, 2014, Thakar electronically transmitted a photograph of his erect penis to L.S., a sixteen-year-old girl who lived in Oregon. The State also alleged that Thakar knew L.S. was sixteen when he sent her the photograph.

Thakar moved to dismiss the charging information, based on this court's decision in *Salter v. State*, 906 N.E.2d 212 (Ind. Ct. App. 2009). In response, the State argued *Salter* was inapplicable because the age of sexual consent in Oregon is eighteen. The trial court dismissed the information, and the State now appeals.

## Analysis

Thakar asserted in his motion to dismiss that the statute criminalizing dissemination of matter harmful to minors is unconstitutionally vague as applied to his alleged conduct. Indiana Code Section 35-34-1-4 "provides a non-exclusive list of reasons allowing dismissal of an indictment or information." *State v. Davis*, 898 N.E.2d 281, 285 (Ind. 2008). Subsection

(a)(11) of the statute permits dismissal for "[a]ny other ground that is a basis for dismissal as a matter of law." Courts have the inherent power to dismiss criminal charges if prosecution of such charges would violate a defendant's constitutional rights. *Id.* "A violation of a defendant's constitutional right to due process certainly fits in that category." *Id.* The general standard of review for the dismissal of a charging information is for an abuse of discretion. *Id.* However, we review constitutional challenges to a statute de novo. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014).

[6] A defendant challenging a statute as unconstitutionally vague bears the burden of overcoming the presumption that the statute is valid. *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). A void for vagueness challenge is controlled by due process principles. *Id.* A criminal statute is void for vagueness if it does not clearly define its prohibitions. *Id.* "A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement." *Id.* (citing *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859 (1999)). Additionally, a penal statute must give a person of ordinary intelligence fair notice that his or her conduct is forbidden so that no person is held criminally responsible for conduct that he or she could not reasonably understand to be proscribed. *Id.* (quoting *Healthscript, Inc. v. State*, 770 N.E.2d 810, 816 (2002) (in turn quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S. Ct. 808, 812 (1954))). However, a statute need not specifically list all items of

prohibited conduct, so long as it informs the individual of generally proscribed conduct. *Id.* "The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case." *Id.*

[7] We also believe it is pertinent to mention Indiana legal principles regarding interpretation of criminal statutes claimed to be ambiguous. Namely, a penal statute is ambiguous if it allows for more than one reasonable interpretation. *Day v. State*, 57 N.E.3d 809, 813 (Ind. 2016). If a penal statute is ambiguous, the rule of lenity applies. *Id.* Under that rule, courts must narrowly interpret criminal statutes in the defendant's favor. *Id.* at 814. "That rule is grounded in two principles: criminal statutes should give fair warning about what conduct they prohibit; and legislatures, not courts, should decide what conduct is criminal." *Id.*

[8] The State makes no procedural argument that this case was improperly resolved by a motion to dismiss. The alleged facts, assumed to be true for purposes of our review, are that Thakar knowingly electronically transmitted a picture of his erect penis to a sixteen-year-old girl in Oregon, where the age of consent is eighteen. *See* Oregon Rev. Stat. § 163.415(1)(a)(B). Indiana Code Section 35-49-3-3(a)(1) provided in January 2014 that a person who knowingly or intentionally disseminated matter to minors that is harmful to minors

committed a Class D felony.[1]  Additionally, Indiana Code Section 35-49-2-2 states:

> A matter or performance is harmful to minors for purposes of this article if:
>
> (1)    it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sado-masochistic abuse;
>
> (2)    considered as a whole, it appeals to the prurient interest in sex of minors;
>
> (3)    it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and
>
> (4)    considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

[9]    In *Salter*, we addressed a case almost identical to this one.  The defendant in that case electronically transmitted images of his genitals to a sixteen-year-old girl in Delaware and was charged with multiple counts of Class D felony dissemination of matter harmful to minors.  As in Oregon, the age of consent in Delaware is eighteen.  The defendant moved to dismiss the charges based on unconstitutional vagueness, which the trial court denied.

---

[1] The offense is now a Level 6 felony; the elements of the offense remain the same.

On appeal, this court reversed in a 2-1 decision. The majority noted that, in Indiana, the age of consent generally is sixteen years old. *Salter*, 906 N.E.2d at 223 (citing I.C. § 35-42-4-9).[2] Thus, the majority observed:

> Such sexual activity could involve varying degrees of nudity and necessarily involves some exposure of the genitals. By setting the legal age of consent at sixteen, the Indiana legislature has made an implied policy choice that in-person viewing of another person's genitals is 'suitable matter' for a sixteen- or seventeen-year-old child. That being so, how could Salter have known that a picture of his genitals would be 'harmful,' that is, not 'suitable,' for M.B.? Asked another way, if such images are harmful to sixteen- and seventeen-year-old children, then why would our legislature allow those children to view the same matter in-person, in the course of sexual activity?

*Id.* In other words, the majority held there was a lack of clear notice that sending a picture of one's genitals to a sixteen-year-old was "patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors," under subsection (3) of the statutory definition of "matter harmful to minors."

The dissenting opinion in *Salter* stated in part, "the implication that our legislature explicitly authorizes or even encourages sex at age sixteen is misleading. Rather, our legislature has simply chosen *not* to criminalize adults

---

[2] Under the child seduction statute, sexual acts between an adult and a child between sixteen and less than eighteen years of age are criminal if the adult is in one of the explicitly-named positions of authority or trust over the child. *See* I.C. § 35-42-4-7. There is no allegation that Thakar was in any such position over L.S.

having sex with sixteen and seventeen year olds in the sexual misconduct with a minor statute." *Salter*, 906 N.E.2d at 225 (Vaidik, J., dissenting). The dissent continued:

> the fact that our legislature has decided not to criminalize sex between adults and sixteen and seventeen year olds does *not* mean that an adult's dissemination or display of pictures of genitals to a minor is not patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors.

*Id.* The dissent concluded that, even if the defendant could have had sex with a consenting sixteen-year-old, it did not "change the fact that our legislature has decided to criminalize disseminating or displaying matter that is harmful to *all* minors, regardless of whether they have consented to receiving such matter." *Id.*

[12]   In this appeal, the State makes no attempt to argue that the present case is in any way distinguishable from *Salter*. Rather, it urges this panel to disagree with the majority opinion in that case and to essentially adopt the dissenting position. We decline to do so and, instead, state our agreement with the *Salter* majority.

[13]   The State reiterates the dissent's comment that the legislature did not intend to "authorize" or "encourage" sixteen year olds to have sex with adults by establishing sixteen as the age of consent for purposes of the criminal law. We respectfully disagree that the legislature did not "authorize" such conduct. By choosing not to subject adults to punishment for such activity, that is precisely

what it has done. As for whether the legislature intended to "encourage" such conduct, it is not the government's duty or prerogative to encourage any particular persons to have sex. We believe any conjecture on this point is not pertinent to our discussion.

[14] The State also asserts that it is logical to distinguish between in-person sexual activity between an adult and a sixteen-year-old and the dissemination of sexual material from an adult to a sixteen year old, and to punish the second type of conduct but not the first. It contends that the dissemination of such material can have a "coarsening effect . . . on a minor's view of sexual activity" and may tend "to sexualize minors in an unhealthy way . . . ." Appellant's Br. pp. 15-16. Regardless of whether the legislature *could* choose to make such a distinction as the State claims should exist, the fact remains that it did not expressly do so. And without clearly stating such a distinction, we believe the dissemination of harmful matter statute is vague, ambiguous, and must be construed against the State. The risk of "sexualizing" a sixteen-year-old arises most compellingly from in-person, actual sexual conduct, not the transmission of images. Additionally, in-person sexual conduct carries a number of risks, such as disease, unintended pregnancy, and even physical injury or violence, that are absent from the transmission of images. Without some clear statement by the legislature to the contrary, we conclude reasonable persons would find it confusing for the State to permit actual sexual activity between adults and sixteen year olds while criminalizing the transmission of sexual images from an adult to a sixteen-year-old.

[15] The State also notes that persons under eighteen are forbidden from entering "strip clubs," citing Indiana Code Sections 7.1-5-7-10 and -11 and Sections 1-15.2-1 and 1-16.1-3 of Title 905 of the Indiana Administrative Code. It contends this indicates a general legislative policy of forbidding persons under eighteen from viewing nudity, even if they can consent to sexual activity. However, the provisions cited by the State more generally concern establishments that serve alcohol, or the banning of live sex acts in such establishments, and do not reflect a specific policy with regards to minors viewing nudity.

[16] We find more guidance from our State's statutes criminalizing public indecency and public nudity. Appearing in public while nude with the intent to be seen by any other person is a Class B misdemeanor. I.C. § 35-45-4-1.5(c). However, being over eighteen years old and appearing in public while nude "with the intent to be seen by a child less than sixteen (16) years of age commits public indecency, a Class A misdemeanor." I.C. § 35-45-4-1(b). For victims sixteen years old and over, Class A misdemeanor public indecency requires a showing of public sexual intercourse or other sexual conduct, fondling, or appearing nude with the intent to arouse the sexual desires of the defendant or any other person. I.C. § 35-45-4-1(a). These statutes seem to reflect a legislative policy that children under sixteen years old require more protection with respect to the viewing of nudity than sixteen and seventeen year olds—and more precisely, that sixteen and seventeen year olds are treated the same as adults when it comes to viewing nudity.

[17]   Both the State and the *Salter* dissent raise the issue of consent or lack thereof. Namely, they suggest that not prosecuting cases such as Salter's and Thakar's could lead to sixteen and seventeen year olds receiving nude or pornographic pictures from adults without the youth's consent. We observe that the "consent" of a child younger than sixteen years old to receiving harmful matter is legally irrelevant, just as his or her "consent" to sexual conduct likewise would be irrelevant. Consent does not suddenly become an issue when the child turns sixteen.[3] Lack of consent as to sexual activity with sixteen or seventeen year olds is addressed by our adult rape statutes, but there is no comparable statute regarding unwanted receipt of "harmful" matter. In fact, the closest parallel to nonconsensual viewing of another's genitals is found in the public indecency and nudity statutes, and, as we have noted, those statutes treat sixteen and seventeen year olds the same as adults.

[18]   The State also suggests that the legislature's failure to take any action to amend the statutes regarding dissemination of matter harmful to minors after *Salter* was decided somehow represents a rejection of *Salter*'s holding. If anything, the legislature's inaction points to the opposite. Judicial interpretation of a statute, accompanied by substantial legislative inaction for a considerable time, may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation. *Fraley v. Minger*, 829 N.E.2d 476, 492 (Ind. 2005).

---

[3] There is no indication in the record here as to whether L.S. consented to receiving a picture of Thakar's penis.

We need not place too much emphasis on the legislature's inaction here, especially given that the Indiana Supreme Court has not weighed in on the issue. *See id.* Still, it has been almost eight years since *Salter* found these statutes to be unconstitutionally vague and ambiguous with respect to transmission of nude images by adults to sixteen year olds. Moreover, the majority expressly stated at the conclusion of its decision, "we realize our decision is sure to inspire opposition. But . . . our legislature has decided to protect sixteen- and seventeen-year-olds . . . in different ways than it protects other minors. Opposition to that policy choice should be voiced to the legislature, not to the courts." *Salter*, 906 N.E.2d at 223. Despite these comments, no change has been made to the statutes aside from a general reclassification of the offense from a Class D to a Level 6 felony.

[19] Finally, we note that the State makes no substantive argument on appeal that Oregon's age of consent of eighteen should be relevant to our analysis. It merely mentions that fact in passing. Whether Thakar could be prosecuted for any crime in Oregon or in federal court is beyond the scope of this opinion. We are concerned here strictly with Indiana's laws and what crimes may be prosecuted in Indiana's courts. In doing so, we conclude, as the majority did in *Salter*, that the statutes criminalizing and defining dissemination of matter harmful to a minor are unconstitutionally vague and ambiguous with respect to

an adult transmitting sexual, non-obscene[4] images to a sixteen- or seventeen-year-old, at least where that adult could not be prosecuted for child seduction. We construe the statutes as currently not permitting prosecution of such acts.

## Conclusion

[20] We reaffirm the majority holding in *Salter*. The trial court properly relied upon that holding in dismissing the charging information against Thakar.

[21] Affirmed.

Kirsch, J., and Robb, J., concur.

---

[4] There is no argument that the image of Thakar's erect penis qualified as "obscene" under the general definition of such matter applicable to all pornography under Indiana Code Sections 35-49-2-1 and 35-49-3-1.