## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 16 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn Michael Perkinson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 16, 2018 <br><br> Court of Appeals Case No. <br> 09A05-1710-CR-2525 <br><br> Appeal from the Cass Superior Court <br><br> The Honorable Richard A. Maughmer, Judge <br><br> Trial Court Cause No. <br> 09D02-1707-CM-579 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Shawn Perkinson was convicted of criminal trespass and possession of a controlled substance, both Class A misdemeanors. Perkinson appeals his conviction of criminal trespass, raising one issue for our review: whether sufficient evidence supports his conviction. Concluding that the evidence is insufficient to support his conviction for criminal trespass, we reverse and remand.

# Facts and Procedural History[1]

[2] Brittany Lambert rented a home in Logansport, Indiana, from Rudolpho Sanchez. In July of 2017, Lambert was evicted from the home by court order. The court order required Lambert to vacate the home by July 14.[2] At some point prior to this date, Sanchez departed for Mexico and asked his son-in-law, John Quinones, to oversee the property while he was gone.

[3] On July 15, Quinones noticed the lights were on inside the home. Quinones entered the home, shut off the lights, closed the windows, and locked the doors. The next day, Quinones again noticed the lights were on inside the home and

---

[1] We held oral argument in this case on March 20, 2018, at Purdue University Northwest in Hammond, Indiana, in conjunction with the Lake County Bar Association. We thank the Lake County Bar Association, Purdue University Northwest, and its faculty, staff, and students for their hospitality and participation. We also commend counsel for their excellent oral advocacy.

[2] The court order is not included in the record. John Quinones, Sanchez's son-in-law, testified Lambert should have been out of the home by July 14. *See* Transcript, Volume 1 at 11. Officer Rozzi testified he believed the court order stated July 13. *Id.* at 15.

the door and window were open. Quinones immediately called the police. Shortly thereafter, Officer Christopher Rozzi of the Logansport Police Department arrived at the residence and Quinones showed him the court order evicting Lambert.

[4] Upon entry into the home, Officer Rozzi found Perkinson asleep on a mattress in the living room. After waking Perkinson, Officer Rozzi placed him in handcuffs and began to question him. Perkinson told Officer Rozzi that "Brittany and . . . her boyfriend, Jesus, said that he could stay there to watch the residence." Tr., Vol. 1 at 16. Perkinson also stated he "had no idea" Lambert had been evicted from the home. *Id.* at 18. Officer Rozzi then conducted a pat down of Perkinson and discovered twelve Clonazepam pills in a bag in Perkinson's pocket. Officer Rozzi and Quinones never determined how Perkinson accessed the home, but Officer Rozzi noted there was no damage caused by Perkinson.

[5] The State charged Perkinson with criminal trespass and possession of a controlled substance, both Class A misdemeanors. On the morning of trial, Perkinson attempted to plead guilty to possession of a controlled substance in exchange for the State's dismissal of the criminal trespass charge, but the parties failed to establish a factual basis to the trial court's satisfaction. The trial court then immediately conducted a bench trial at which Quinones and Officer Rozzi testified for the State. The trial court found Perkinson guilty as charged and sentenced him to concurrent sentences of seventy days in the county jail on each count. Perkinson now appeals.

# Discussion and Decision

## I. Standard of Review

In reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge witness credibility. *Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017). We consider only the evidence and reasonable inferences supporting the verdict and will affirm a conviction if there is probative evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* Evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). We will reverse if, after considering all the evidence, the evidence is insufficient to prove any element of the crime. *Brown v. State*, 868 N.E.2d 464, 470 (Ind. 2007).

## II. Sufficiency of the Evidence

The State charged Perkinson with criminal trespass under Indiana Code section 35-43-2-2(b)(1). That section, in relevant part, provides,

> (b)    A person who:
>
> (1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent;
>
> * * *
>
> commits criminal trespass, a Class A misdemeanor.
>
> * * *

> > (c) A person has been denied entry under subsection (b)(1) when the person has been denied entry by means of:
> >
> > (1) personal communication, oral or written;
> >
> > (2) posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public; or
> >
> > (3) a hearing authority or court order under IC 32-30-6 [nuisance actions], IC 32-30-7 [indecent nuisance actions], IC 32-30-8 [drug nuisance actions], IC 36-7-9 [unsafe building law], or IC 36-7-36 [abatement of vacant structures and abandoned structures].

Ind. Code § 35-43-2-2. A person acts "'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). As such, there is no criminal trespass if a person has a fair and reasonable foundation for believing he has a right to be present on the property. *Blair v. State*, 62 N.E.3d 424, 428 (Ind. Ct. App. 2016).

[8] The record is absent of any evidence that Perkinson had knowledge of Lambert's eviction or was otherwise "denied entry" by the landowner, Sanchez, or his agent, Quinones. As defined in the statute, a person is "denied entry" when they have been prohibited from entering the premises by personal communication, oral or written; posting or exhibiting a notice at the entrance; or by a hearing authority or court order. The State does not allege Perkinson received notice pursuant to Indiana Code section 35-43-2-2(c)(2) or (3), nor do these facts present a basis for such an argument. Moreover, the record does not support the fact that Perkinson was denied entry by either oral or written

personal communication. Neither Lambert nor Sanchez testified at trial and Quinones stated he had "[n]ever" seen or met Perkinson before. Tr., Vol. 1 at 13. Even if the trial court simply did not believe Perkinson's testimony that Lambert told him he could stay in the house, there is no evidence in the record from which a trier of fact could reasonably infer Perkinson had previously been denied entry to the home or had knowledge that Lambert had been evicted. Therefore, the evidence is insufficient to support Perkinson's conviction of criminal trespass.

## Conclusion

[9] The evidence is insufficient to support Perkinson's conviction for criminal trespass and his conviction is therefore reversed. Accordingly, this case is remanded to the trial court for further proceedings consistent with this opinion.

[10] Reversed and remanded.

Vaidik, C.J., and Altice, J., concur.