**STATE of Indiana, Appellant,**

**v.**

**Robert Lee DOWNEY, Ora Downey and Nona Downey, Appellees.**

**Nos. 383 S 91, 383 S 92.**

Supreme Court of Indiana.

April 11, 1985.

Rehearing Denied May 30, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Jerry E. Levendoski, Deputy Public Defender, Bruce S. Cowen, Deputy Public Defender, Robert S. Bechert, Deputy Public Defender, Fort Wayne, for appellees.

DeBRULER, Justice.

This is a consolidation of two direct appeals from grantings of motions to dismiss pursuant to Ind.Code § 35–3.1–1–4. Appellees, Robert, Ora and Nona Downey, were charged with neglect of a dependent, a class D felony, Ind.Code § 35–46–1–4(a)(1). Appellees moved to dismiss the indictment on the grounds that the section of the statute it was based upon was unconstitutionally vague. The trial court agreed with their contention and dismissed the indictments. The State of Indiana appeals from this ruling pursuant to Ind.Code § 35–1–47–2(1) and Ind.App. Rule 4(A)(8).

■ The sole issue on appeal is whether the trial court erred in dismissing the indictments on the grounds that Ind.Code § 35–46–1–4(a)(1) (since amended) was unconstitutionally vague. The pertinent section of the statute is set forth here.

"Neglect of a dependent. (a) A person having the care, custody or control of a dependent who knowingly or intentionally:

(1) Places the dependent in a situation that may endanger his life or health;

\* \* \* \* \* \*

Commits neglect of a dependent, a class D Felony."

The indictments tracked Ind.Code § 35–46–1–4(a)(1) in this manner. "Defendants, having care, custody and control of the following dependents ... did knowingly place said dependents in such a situation which may endanger their life or health, to wit, by placing them in insanitary conditions."

I

In approaching a consideration of the constitutionality of a statute, we must at all times exercise self restraint. Otherwise, under the guise of limiting the Legislature to its constitutional bounds, we are likely to exceed our own. That we have the last word only renders such restraint the more compelling. We, therefore, remind ourselves that in our role as guardian of the constitution, we are nevertheless a court and not a "supreme legislature." We have no right to substitute our convictions as to the desirability or wisdom of legislation for those of our elected representatives. We are under a constitutional mandate to limit the General Assembly to its lawful territory of prohibiting legislation which, although enacted under the claim of a valid exercise of the police power, is unreasonable and oppressive. Nevertheless, we recognize that the Legislature is vested with a wide latitude of discretion in determining public policy. Therefore, every statute stands before us clothed with the presumption of constitutionality, and, such presumption continues until clearly overcome by a showing to the contrary.

In the deliberative process, the burden is upon the challenger to overcome such presumption, and all doubts are resolved against his charge.

*Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763. A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the conduct to be proscribed. *Platt v. State* (1976), 168 Ind.App. 55, 341 N.E.2d 219, 221; *Porter v. State* (1982), Ind.App., 440 N.E.2d 690, 692. The statute need only inform the individual of the generally proscribed conduct, a statute need not list with itemized exactitude each item of conduct prohibited. *Hunter v. State* (1977), 172 Ind.App. 397, 360 N.E.2d 588, 595.

■ Appellees contended, and the trial court agreed, that Ind.Code § 35–46–1–4(a)(1) in so far as it employs the phrase:

"Places the dependent in a situation that may endanger his life or health", is not specific enough to inform individuals of ordinary intelligence of the proscribed conduct because every situation carries with it some degree of danger. The argument focused upon the words "may endanger" as being the particular source of vagueness, and as sweeping within its proscription, placements which could not rationally be the basis for criminal prosecution.

Danger is the state of being exposed to harm. To endanger is to bring into danger. The word "may" means in some degree likely to. *Webster's Third New International Dictionary.* The word "may" expresses ability, possibility, or contingency. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622. Therefore, the statute must be read to proscribe placements which to some degree are likely to bring a dependent into a situation in which he is exposed to harm. Thus the statute does not require that the placement expose a dependent to harm. It need only expose one to the risk of a risk of harm. Under this language, it would be a crime to raise a child in a high-rise apartment or to mop the kitchen floor with a bucket of water in the presence of a small child. This is the literal intendment of the provision, but that is not a rational intendment. In *Stone v. State,* (1942), 220 Ind. 165, 41 N.E.2d 609, this court held that there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur. It cannot be left to juries, judges, and prosecutors to draw such lines. We agree that the statute construed literally has a broadness and vagueness which would prevent it from meeting constitutional muster. This defect stems in major part from the double contingency factored into the definition of the crime by the phrase "may endanger." With that phrase intact persons of common intelligence are left to guess about the statute's meaning and would differ as to its application. *Connally v. General Construction Co.* (1926) 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322.

The question of remedy must next be addressed. The authority to define crimes and establish penalties belongs to the legislature. A court cannot amend a statute or establish public policy within its judicial authority to confine legislative products to constitutional limits. However, a court in reading a statute for constitutional testing, may give it a narrowing construction to save it from nullification, where such construction does not establish a new or different policy basis and is consistent with legislative intent. *State v. Kuebel* (1961), 241 Ind. 268, 172 N.E.2d 45.

The purpose of the statutory provision here is to authorize the intervention of the police power to prevent harmful consequences and injury to dependents. The crimes of assault, conspiracy, and attempt are similarly directed. Law enforcement officials need not await actual loss of life, limb or property, but may intervene where conduct is sufficient to warrant belief that such an ultimate harmful consequence will ensue. Furthermore, the use of the word "may" in conjunction with the word "endanger" does not indicate a critical legislative choice or represent the resolution of important issues within the social problem involved. The overall purpose of the statute as contemplated by the legislature would be well-served without the dimension in scope added by the term "may". We therefore construe this statute so as to exclude that dimension. Therefore, the statute is to be regarded as applying to situations that endanger the life or health of a dependent. The placement must itself expose the dependent to a danger which is actual and appreciable. Even with this construction, there is a residual vagueness presented. However, when it is considered with the other concepts of neglect, care, custody, control, dependent, places, life, and health, and in conjunction with the social problem dealt with, minimal due process notice requirements are met.

The judgment of the trial court is reversed, and the cause is remanded for fur-

ther proceedings not inconsistent with this opinion.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.