Philip CLEER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0912–CR–1193.

Court of Appeals of Indiana.

June 21, 2010.

Rehearing Denied Aug. 19, 2010.

Frederick Vaiana, John D. Fierek, Tyler D. Helmond, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Philip Cleer appeals his conviction for Class C misdemeanor operating a vehicle with a blood alcohol concentration ("BAC") between .08 and .15. We affirm.

### Issue

Cleer raises one issue, which we restate as whether the operation of a sobriety checkpoint violates the separation of powers provision of the Indiana Constitution.

### Facts

On August 30, 2008, a sobriety checkpoint was being conducted on High School Road in Indianapolis. At approximately 1:45 a.m., Sergeant Jeffery Payne of the Indiana State Police directed a car driven by Cleer into the checkpoint. Cleer told Sergeant Payne he had drunk four beers.

Cleer failed three field sobriety tests, and a breathalyzer indicated his BAC was .08.

That same day, the State charged Cleer with Class A misdemeanor operating while intoxicated and Class C misdemeanor operating with a BAC between .08 and .15. Cleer moved to suppress the evidence of his failed field sobriety tests and the breathalyzer test. This motion was denied. On November 4, 2009, following a bench trial, at which the trial court overruled Cleer's objection to the admission of the breathalyzer results, Cleer was convicted of Class C misdemeanor operating with a BAC between .08 and .15. Cleer now appeals.

### Analysis

■ Cleer argues that sobriety checkpoints violate the Indiana Constitution's separation of powers provision because conducting checkpoints is not specifically authorized by the General Assembly. This presents a question of law. "Where the issue presented on appeal is a pure question of law, we review the matter de novo." *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997).

Initially, we point out that Cleer is not challenging the constitutionality of the stop under the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution. Such a challenge would be futile because our supreme court has already concluded that sobriety checkpoints may be conducted in a constitutionally reasonable manner. *See State v. Gerschoffer,* 763 N.E.2d 960, 965–66 (Ind.2002). Here, there is no indication that the checkpoint was conducted in a

manner outside the constitutional parameters discussed in *Gerschoffer.*

■ Regarding the separation of powers, Article 3, Section 1 of the Indiana Constitution provides: "The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." "The separation of powers doctrine recognizes that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government." *State v. Monfort,* 723 N.E.2d 407, 411 (Ind.2000). "The authority to define crimes and establish penalties belongs to the legislature." *State v. Downey,* 476 N.E.2d 121, 123 (Ind. 1985); Ind. Const. art. 4, § 1 ("The Legislative authority of the State shall be vested in the General Assembly....").

Cleer argues that the General Assembly has authorized the detention of an individual only when "a law enforcement officer believes in good faith that a person has committed an infraction or ordinance violation...." Ind.Code § 34–28–5–3.[1] Because it is undisputed that Cleer did not commit any infraction or ordinance violation at the time he was directed into the checkpoint, he contends Sergeant Payne was without a legislative basis to detain him.

At issue here, however, is not the commission of an infraction or ordinance viola-

---

1. Indiana Code Section 34–28–5–3 provides in its entirety:

   Whenever a law enforcement officer believes in good faith that a person has committed an infraction or ordinance violation, the law enforcement officer may detain that person for a time sufficient to:

   (1) inform the person of the allegation;
   (2) obtain the person's:
     (A) name, address, and date of birth; or
     (B) driver's license, if in the person's possession; and
   (3) allow the person to execute a notice to appear.

tion.[2]  Operating while intoxicated is either a misdemeanor or felony. *See* Ind. Code Chapter 9–30–5. To the extent Indiana Code Section 34–28–5–3 is considered the legislative authorization to detain a person suspected of committing an infraction or ordinance violation, there is no indication that the General Assembly has denied law enforcement the ability to detain a person suspected of committing a misdemeanor or a felony. Further, Cleer cites no authority for the proposition that the General Assembly is required to specifically authorize detention in all criminal investigations.

There is no dispute that the crime of operating while intoxicated was legislatively defined, and law enforcement has not usurped the General Assembly's authority to define crimes and penalties by conducting sobriety checkpoints. Without more, Cleer has not established that the checkpoint violated the separation of powers provision of the Indiana Constitution.

### Conclusion

Cleer has not established that the operation of a sobriety checkpoint violates the separation of powers provision of the Indiana Constitution. We affirm.

Affirmed.

BAILEY, J., and MAY, J., concur.

---

**2.** Unlike operating while intoxicated, which is either a misdemeanor or a felony, the failure to use a seatbelt is a Class D infraction. Ind. Code § 9–19–10–8. Accordingly, *Baldwin v.* *Reagan*, 715 N.E.2d 332, 340–41 (Ind.1999), discussing the constitutionality of the Seatbelt Enforcement Act and Indiana Code Section 34–28–5–3, is not applicable to this case.