# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 31 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALICE LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-CR-1090 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-1008-FD-61390

**August 31, 2012**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Alice Lee ("Lee") appeals her conviction for attendance at an animal fighting contest[1] as a Class A misdemeanor. On appeal, Lee raises the following restated issue: whether Indiana Code section 35-46-3-10, which defines the offense, is unconstitutionally vague.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 6, 2010, Tyrus Williams ("Williams") and Shinitara Kemp ("Kemp") hosted a dog fight in the garage at their home on West 60th Street in Indianapolis. The fight began around 10:00 p.m. Once the fight was underway, a confidential informant who was attending the event alerted the police. At approximately 10:20 p.m., law enforcement officers used their previously obtained "no-knock" warrant to enter the house and the attached garage. *Tr.* at 23.

Inside the house and garage, officers found pit bulls and a room devoted to the training and care of fighting dogs. The garage contained a fighting ring with two exhausted dogs fighting in it and approximately twenty-four spectators, including Lee. Police found Lee's pit bull in her vehicle in the driveway of the residence. The other guests' vehicles were parked in the driveway of the residence and on the grass.

On August 10, 2010, the State charged Lee with (1) Class D felony promotion of, use of animal at, or attendance with animal at an animal fighting contest, and (2) Class A misdemeanor attendance at an animal fighting contest. At trial, Lee claimed that she had

---

[1] *See* Ind. Code § 35-46-3-10.

been at the home only fifteen minutes before the police arrived because she was picking up her pit bull from Williams and Kemp, who had been watching her dog for a few days. Lee denied any knowledge of the dog fighting contest or of training fighting dogs. She claimed the police discovered her in the garage within the fighting area only because she fled from the house into the garage when she realized the police had arrived.

Lee's bench trial commenced on October 24, 2011, and after the State rested, Lee moved for an involuntary dismissal as to both counts. The trial court granted Lee's motion for involuntary dismissal on the Class D felony, but found her guilty of Class A misdemeanor attendance at an animal fighting contest. Lee now appeals.

## DISCUSSION AND DECISION

Lee contends that Indiana Code section 35-46-3-10 is unconstitutionally vague because its language fails "to inform an ordinary person of what conduct is prohibited." *Appellant's Br.* at 7. Additionally, Lee contends that the statute authorizes or encourages arbitrary or discriminatory enforcement. *Id*. at 9. The State responds by contending that Lee waived this issue when she failed to file a motion to dismiss, advancing the contention of unconstitutionality, before the trial court. *Appellee's Br.* at 4.

Addressing the State's contention of waiver first, we agree that generally the failure to file a proper motion to dismiss raising a constitutional challenge waives the issue on appeal. *Baumgartner v. State,* 891 N.E.2d 1131, 1135 (Ind. Ct. App. 2008) (citing Ind. Code §§ 35–34–1–6 and –4). Thus, Lee's claim is waived. However, even considering Lee's vagueness argument on the merits, her claim fails.

Whether a statute is unconstitutional is a question of law and is reviewed *de novo.*

3

*Shepler v. State,* 758 N.E.2d 966, 968 (Ind. Ct. App. 2001), *trans. denied* (2002). Appellate courts approach such questions with the presumption that the statute is constitutional, and the challenger is burdened to prove otherwise. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). "Any reasonable doubts and constructions as to the statute's validity are resolved in favor of constitutionality." *Id*. (citing *State v. Lombardo,* 738 N.E.2d 653, 655 (Ind. 2000)).

"A fundamental aspect of our nation's jurisprudence is that criminal statutes must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Id*. (internal quotations omitted). Accordingly, our Supreme Court has said that "due process requires that a penal statute 'clearly define its prohibitions.'" *Id*. (quoting *Brown v. State,* 868 N.E.2d 464, 467 (Ind. 2007)). "If it fails 'to provide notice enabling ordinary people to understand the conduct that it prohibits' or 'authorizes or encourages arbitrary or discriminatory enforcement' then it is subject to invalidation." *Id.* at 74-75 (quoting *Brown*, 868 N.E.2d at 467). "Additionally, 'there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur.'" *Id*. (quoting *State v. Downey,* 476 N.E.2d 121, 123 (Ind. 1985)). "'It cannot be left to juries, judges, and prosecutors to draw such lines.'" *Id.* (quoting *Downey*, 476 N.E.2d at 123).

The following sections of the Indiana Code are pertinent to our analysis. Indiana Code section 35-46-3-10, in pertinent part, provides: "A person who knowingly or

4

intentionally *attends* a *fighting contest involving animals* commits cruelty to an animal, a Class A misdemeanor." (Emphasis added). "[An] 'animal fighting contest' means a conflict between two (2) or more animals. The term does not include a conflict that is unorganized or accidental." Ind. Code § 35-46-3-4. Indiana Code section 35-46-3-3 provides: "As used in this chapter, "animal" does not include a human being."

Lee contends that the word "attends" is so vague as to make the statute unconstitutional. Lee suggests that various meanings of the word have criminalized "being present at, taking care of, providing services at, watching over, or paying attention to a fighting contest involving animals." *Appellant's Br*. at 8. She further suggests that the vagueness of the statute has made it unclear whether it is a crime to watch a dog fight on the internet, watch the simulation of a dog fight made for a movie, watch a friend feed a mouse to his pet snake, or attend a circus and watch a man box with a kangaroo or wrestle with a bear. However, the statute as written makes clear the answer to each of these questions. The word "animal" does not involve a human being, therefore, watching a human fight or wrestle any animal would not fall within the prohibitions of Indiana Code section 35-46-3-10, which requires a conflict between two or more animals.[2] Most dog fights viewed on the internet would not fall within the prohibitions of section 35-46-3-10 because the person could not be said to be attending the fight in the traditional sense

---

[2] We do not address whether this activity would fall within the prohibitions of Indiana Code section 35-46-3-12, which prohibits the beating of vertebrate animals or Indiana Code section 35-46-3-7 which prohibits the abandonment or neglect of vertebrate animals. Likewise we do not address whether this activity would fall within the exception that the chapter does not apply to "Conduct not resulting in serious injury or illness to the animal that is incidental to exhibiting an animal for show, competition, or display, or that is incidental to transporting the animal for show, competition, or display." Ind. Code § 35-46-3-5(a)(13).

of the word.[3]  Likewise, a person who watches his friend feed a mouse to a snake is not watching an organized event, and a simulated fight between animals that, presumably, are not hurt, could not truly be said to be an animal fighting contest.

As applied to this offense, Lee's vagueness argument amounts to claiming that the statute's failure to further define "attend" authorizes the prosecution of anyone who is in the vicinity of an animal fighting contest without regard to their intent.  However, in determining whether a statute is unconstitutionally vague, this court is mindful that "[n]o statute need avoid all vagueness, and 'because statutes are condemned to the use of words, there will always be uncertainties for we cannot expect mathematical certainty from our language.'"  *Logan v. State,* 836 N.E.2d 467, 473 (Ind. Ct. App. 2005) (quoting *Helton v. State,* 624 N.E.2d 499, 507 (Ind. Ct. App. 1993), *trans. denied, cert. denied,* 520 U.S. 1119 (1997)), *trans. denied* (2006).  Here, it is a sufficiently-clear warning to say that criminal liability attaches to someone who knowingly or intentionally attends an animal fighting contest.  As the standard implies, cases will be decided on their own facts.

Lee also contends that the statute in question invites arbitrary enforcement.  *Appellant's Br.* at 9.  Intent may be proved by circumstantial evidence.  *E.H. v. State*, 764 N.E.2d 681, 683 (Ind. Ct. App. 2002) (citing *Johnson v. State,* 593 N.E.2d 208, 209 (Ind. Ct. App. 1992)), *trans. denied*.  Intent can be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points.  *Id.*

---

[3] We reserve for another day the question of whether a person who pays to watch an animal fight live on the internet can be said to be attending an animal fighting contest.

The fact finder is entitled to infer intent from the surrounding circumstances. *Id.* at 683. This does not mean that the finding of intent, and thus enforcement, is arbitrary. As our Supreme Court noted in *Brown v. State*, "'there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrest and convictions for trivial acts and omissions will not occur.'" 868 N.E.2d at 467 (quoting *Downey*, 476 N.E.2d at 123). Here, there is no such concern. The statute under which Lee was charged "convey[ed] sufficiently definite warning[s] as to the proscribed conduct when measured by common understanding." *Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind. 1985), *overruled on other grounds*, *Stout v. State*, 528 N.E.2d 476 (Ind. 1988). Further, it "provided[d] a constraining and intelligible enforcement standard for those charged with enforcing the statutes." *Johnson v. State*, 648 N.E.2d 666, 670 (Ind. Ct. App. 1995) (citing *Price v. State*, 622 N.E.2d 954, 967 (Ind. 1993)).

Lee has failed to carry her "heavy burden" of proving that Indiana Code section 35-46-3-10 is unconstitutionally vague. The evidence supports the trial court's judgment of guilt.

Affirmed.

NAJAM, J., and MAY, J., concur.