**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MEGAN B. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSICA L. RHYE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1303-CR-248 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1208-FD-170

**December 10, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jessica Rhye appeals her conviction for Class D felony possession of reagents or precursors with intent to manufacture a controlled substance. We affirm.

## Issue

Rhye raises one issue, which we restate as whether there is sufficient evidence to support her conviction.

## Facts

On the evening of August 10, 2012, Rhye was at a Meijer store in Muncie with Adam Wheeler. Rhye attempted to purchase pseudoephedrine from the pharmacy but was not permitted to do so because she was over the limit on the amount of pseudoephedrine an individual may buy. Wheeler also tried to purchase pseudoephedrine but was unable to because he was over the limit.

The pharmacy technician notified Beverly Michael, a store detective in the loss prevention department, of the attempted sale. Michael watched Rhye and Wheeler at the pharmacy via camera and then conducted floor surveillance by walking around the store watching them. Michael observed that Rhye and Wheeler "were together, and they proceeded to select various items from the store." Tr. p. 6. They selected coffee filters, air tubing, rock salt, Coleman fuel, and lithium batteries. Michael knew that these items were associated with the manufacturing of methamphetamine and notified authorities.

Michael saw Rhye purchase the rock salt and Wheeler purchase the Coleman fuel, air tubing, and coffee filters. Michael did not see Wheeler pay for the lithium batteries. Michael watched the pair leave the store and get into a pickup truck.

After Deputy Stash Hellis of the Delaware County Sherriff's department arrived at the store and spoke with Michael, he observed a vehicle matching Michael's description of the truck pulling out of the parking lot. Deputy Hellis initiated a traffic stop because Wheeler was not wearing a seatbelt. Because neither Wheeler nor Rhye had a valid driver's license, Deputy Hellis decided to have the truck towed. Deputy Hellis conducted an inventory search and discovered various items associated with the manufacturing of methamphetamine in Menard's and Meijer bags inside the vehicle. Deputy Hellis found Coleman fuel, drain cleaner, lithium batteries, plastic tubing, rubber gloves, sea salt, and coffee filters in the bags. A Ziploc bag containing an off-white powder substance was also found in the car.

The State charged Rhye with Class D felony possession of methamphetamine and Class D felony possession of chemical reagents or precursors. Following a bench trial, Rhye was found guilty of Class D felony possession of chemical reagents or precursors.[1] Rhye now appeals.

**Analysis**

Rhye argues there is insufficient evidence to support her conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of

---

[1] No laboratory analysis of the white powdery substance was admitted into evidence and, at the conclusion of the trial, the prosecutor admitted that the field tests were not sufficient to establish that the substance was methamphetamine.

probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

Pursuant to Indiana Code Section 35-48-4-14.5(e), a person who possesses two or more chemical reagents or precursors with the intent to manufacture a controlled substance commits a class Class D felony. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2.

Rhye first asserts that the rock salt she purchased is not included in the statutory list of reagents or precursors. Regardless of whether the rock salt was a listed chemical reagent or precursor, lithium metal and sodium hydroxide (lye) are included in the list of chemical reagents or precursors.[2] See I.C. § 35-48-4-14.5(a)(8), (14). Rhye makes no argument that the lithium batteries and drain cleaner were not chemical reagents or precursors, and Deputy Hellis testified that lithium batteries contain lithium metal and the bottle of drain cleaner, which was admitted into evidence, is labeled 100% lye.

Rhye goes on to argue that the lithium batteries, drain cleaner, and other items found in the truck were associated with Adam Wheeler, the owner and driver of the truck. Although the truck belonged to Wheeler and he purchased several items at Meijer, the State established that Rhye constructively possessed the lithium metal and sodium hydroxide. "Constructive possession will support a possession conviction if the State

---

[2] In the charging information, the State alleged that Rhye possessed lantern fuel, lithium batteries, and coffee filters. At the conclusion of the trial, the prosecutor acknowledged that coffee filters are not a precursor and asked that the trial court consider the lye as a precursor. Rhye did not object to this request, and the trial court granted the State's request to amend the charging information to conform to the evidence.

4

shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband." White v. State, 772 N.E.2d 408, 413 (Ind. 2002). "Where control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of the contraband." Id.

Rhye was a passenger in the truck, and Deputy Hellis found the various items in shopping bags inside the vehicle. Rhye's shopping for various items used in the manufacturing of methamphetamine and inability to purchase additional pseudoephedrine because she was over the limit suggest that she knew of the presence of the contraband in the truck. From this evidence, the State established that Rhye had the capability and intent to maintain dominion and control over the contraband.

Rhye also argues that the State failed to prove she possessed the items with the intent to manufacture a controlled substance. "The fact finder is entitled to infer intent from the surrounding circumstances." Lee v. State, 973 N.E.2d 1207, 1210 (Ind. Ct. App. 2012) trans. denied. In addition to selecting camp fuel, coffee filters, and plastic tubing, which are used in the manufacturing of methamphetamine, with Wheeler at Meijer, both Wheeler and Rhye also attempted to purchase pseudoephedrine but were prohibited because they were over the limit. Further, a white powdery substance was also found in the truck. From this evidence, the fact finder could infer that Rhye possessed the chemical reagents or precursors with the intent to manufacture a controlled substance.

**Conclusion**

There is sufficient evidence to affirm Rhye's conviction. We affirm.

5

Affirmed.

CRONE, J., and PYLE, J., concur.