KIRSCH, Judge,
dissenting.
I respectfully dissent.
As my colleagues note in Judge May's majority opinion, the tragic events on Monroe Reservoir on June 28, 2010 led to two deaths, a serious injury, and traumatic effects on all parties involved. In the course of the trial of the underlying cause and this appeal, four judges have examined the facts of the case and statute upon which it turns. All four judges have agreed that the statute is problematic, but they have reached different conclusions as to the result.
My colleagues note this case "has brought to light serious concerns about the statute that criminalizes Wood's behavior," that "observing the requirements will, in many emergency situations, require behavior that defies logic," and that "engaging in innocent, and even advisable, behavior can leave one in violation of the statute." Op., p. 1066. The opinion continues noting that the statute "permits no consideration of what is reasonable in any given emergency," nor "does it permit citizens to engage in any balancing of considerations that are pertinent in emergencies." Id.
The trial court recognized that the statute failed to set forth an exception for the situation in which compliance with the statute's provisions would be excused where such compliance was impossible or risked serious safety concerns and attempted to remedy the statutory omission by giving an instruction on necessity, but the trial court's necessity instruction was illusory. Indiana Code section 14-15-4-1 provides that the "operator of a boat involved in an accident or a collision result *1069 ing in injury to or death of a person or damage to a boat or other property shall do the following...." For the necessity defense to apply under the instruction given by the trial court, the accused must not have substantially contributed to the creation of the emergency. Here, it is unchallenged that both Wood and Collier substantially contributed to the creation of the emergency by their failure to maintain a proper lookout for other boats in the vicinity. As a result, the necessity defense as outlined in the jury instruction provided no defense for Wood and was illusory.
I believe that our legislature intended the language in the statute to be applied logically and not to bring about an unjust or absurd result. It is unquestioned that Wood claimed that he and his passengers were subject to significant peril and that he acted reasonably in moving his boat and its passengers to the marina. The statute did not give Wood fair notice that it was forbidden conduct to leave the seene of the accident even if Wood feared for his safety or that of his passengers and that necessity demanded that he leave the immediate accident seene. As our appellate courts have repeatedly said, "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." Lock v. State, 971 N.E.2d 71, 74 (Ind.2012); Brown v. State, 868 N.E.2d 464, 467 (Ind.2007); Lee v. State, 973 N.E.2d 1207, 1209 (Ind.Ct.App.2012), trans. denied. As a result of such omission, Indiana Code section 14-15-4-1 is unconstitutional as applied.