## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2015, 9:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Gary Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Fabian Cruz,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 7, 2015

Court of Appeals Case No.
71A03-1501-CR-26

Appeal from the St. Joseph Superior Court

The Honorable John M. Marnocha, Judge

Cause No. 71D02-1408-F5-24

**Bailey, Judge.**

# Case Summary

[1] After a jury trial, Fabian Cruz ("Cruz") was convicted of Battery with a Deadly Weapon, as a Level 5 felony.[1] Cruz appeals, raising for our review the sole question of whether there was sufficient evidence to support the conviction. Concluding that there was sufficient evidence introduced at trial, we affirm.

# Facts and Procedural History

[2] On August 12, 2014, after working a third-shift job, Jonathon Jackson ("Jackson") asked Cruz, his on-again, off-again boyfriend, to come to Jackson's apartment in South Bend. The two drove separately, and fell asleep on Jackson's bed soon after arriving at Jackson's apartment.

[3] On the afternoon of August 12, Cruz and Jackson got into an argument over a text message Jackson had received from a friend. The argument escalated into a physical confrontation between the two men. Jackson told Cruz to leave, and Cruz began to do so. Cruz believed he had left behind a flip-flop shoe, however, and wanted to retrieve it. A physical confrontation between Jackson and Cruz ensued again.

[4] Jackson worked in a warehouse setting, and owned a box cutter with a retractable razor blade. Upon arriving home, Jackson had tossed the item on

---

[1] Ind. Code §§ 35-42-2-1(b) & (f)(2).

the floor. At some point during their confrontation, Jackson gained the upper hand. Cruz broke free, picked up the box cutter, and began swinging it at Jackson. Jackson suffered two injuries: a shallow cut to his chest, and a deeper cut to his right arm.

[5] After Jackson was injured, his roommate, David Cabanaw ("Cabanaw"), called police, brought Jackson outside, and took Jackson to the office of the apartment complex. Cabanaw then flagged down a detective who had been driving nearby. Jackson was transported to a hospital for medical treatment.

[6] Cruz left the premises, and was arrested later that day. On August 14, 2014, Cruz was charged with Battery with a Deadly Weapon. A jury trial was conducted on November 18 and 19, 2014. At its conclusion, the jury found Cruz guilty, as charged.

[7] On January 7, 2015, the trial court conducted a sentencing hearing. The court entered judgment against Cruz at that time and sentenced him to three years imprisonment, with the entirety of the term suspended. The court ordered Cruz to serve one year of probation.

# Discussion and Decision

[8] Cruz's sole contention upon appeal is that the State failed to prove that there was sufficient evidence of his intent to commit Battery with a Deadly Weapon, as charged.

[9] Our standard of review in challenges to the sufficiency of evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[10] To convict Cruz of Battery with a Deadly Weapon, as charged, the State was required to prove beyond a reasonable doubt that Cruz knowingly touched Jackson in a rude, insolent, or angry manner, and committed that touching with a deadly weapon, namely, a box cutter. I.C. §§ 35-42-2-1(b) & (f)(2); App'x at 6.

[11] In his appeal, Cruz's sole argument is that there was insufficient evidence from which a jury could conclude that his touching of Jackson by means of the box cutter was knowingly committed. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "Intent can be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. The fact finder is entitled to infer intent from the surrounding circumstances." *Lee v. State*, 973 N.E.2d 1207, 1210 (Ind. Ct. App. 2012) (citations omitted).

At trial, Cruz, Jackson, and Cabanaw all testified that Cruz and Jackson engaged in a physical confrontation with one another. Jackson testified that during this confrontation, he saw Cruz pick up the box cutter and swing it at him multiple times. Jackson further testified that he was attempting to leave the room when Cruz cut him: "as I ran out the door I got sliced." Tr. at 155. Jackson suffered two injuries from the box cutter: one to his chest, and one to his arm. The latter of these injuries caused paramedics to transport Jackson to a hospital, where the wound was repaired with twenty four staples.

Picking up a cutting device from the floor and swinging it multiple times while engaged in a fight leads to a reasonable inference that Cruz's intent was to touch Jackson with the box cutter. Cruz's argument to the contrary draws our attention to testimony from Jackson and Cabanaw concerning their impressions of Cruz's demeanor, and Cruz's claimed inability to remember cutting Jackson as a result of injuries from the fight. To the extent Cruz relies on such arguments, we note that these are invitations to reweigh evidence or reassess witness credibility, which we cannot do.

There was sufficient evidence to sustain Cruz's conviction. We accordingly affirm the judgment of the trial court.

Affirmed.

Baker, J., and Mathias, J., concur.