## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2017, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Norbert Machan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 16, 2017<br><br>Court of Appeals Case No.<br>71A03-1703-CR-549<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jane Woodward Miller, Judge<br><br>Trial Court Cause No.<br>71D01-1509-F5-195 |

**Crone, Judge.**

# Case Summary

[1] Norbert Machan appeals his conviction for level 5 felony escape. He claims that the evidence is insufficient to support his conviction and that the statute defining "lawful detention" is unconstitutionally vague. Finding the evidence sufficient to support his conviction and finding that he has waived and otherwise failed to establish his vagueness claim, we affirm.

# Facts and Procedural History

[2] Machan was released on bond on certain criminal charges. He failed to appear for a scheduled court date, and when he was found and brought before the trial court, the magistrate raised his bond and asked him whether he had the funds to pay the bond. He replied that he did not, and the magistrate ordered him detained. A deputy sheriff approached Machan and ordered him to place his hands behind his back. Before the deputy could apply the handcuffs, Machan fled the courtroom and then the courthouse. He then ran down the street, with officers in pursuit. When the officers ordered him to stop, he yelled, "F**k you," and continued running. Tr. Vol. 2 at 43.

[3] The State charged Machan with level 5 felony escape. A jury convicted him as charged, and the trial court sentenced him to a four-year term.

# Discussion and Decision

## Section 1 – The evidence is sufficient to support Machan's conviction.

[4] Machan maintains that the evidence is insufficient to support his escape conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id*. (citation omitted).

The jury convicted Machan of level 5 felony escape. To establish this offense, the State was required to prove that Machan intentionally fled from lawful detention. Ind. Code § 35-44.1-3-4(a). Machan admits that he intentionally fled the courtroom and the courthouse but claims that the State failed to establish that he was lawfully detained when he fled.

[5] Indiana Code Section 35-31.5-2-186(a) defines "lawful detention" as follows:

> (1) arrest;

> (2) custody following surrender in lieu of arrest;

(3) detention in a penal facility;

(4) detention in a facility for custody of persons alleged or found to be delinquent children;

(5) detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance;

(6) detention for extradition or deportation;

(7) placement in a community corrections program's residential facility;

(8) electronic monitoring;

(9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or

(10) any other detention for law enforcement purposes.

Statutory interpretation is a question of law to be reviewed de novo. *Adams v. State*, 960 N.E.2d 793, 797 (Ind. 2012). Our primary objective when interpreting a statute is to ascertain and give effect to the intent of the legislature. *Day v. State*, 57 N.E.3d 809, 812 (Ind. 2016). "We examine the statute as a whole and give common and ordinary meaning to the words employed." *Anglin v. State*, 787 N.E.2d 1012, 1016 (Ind. Ct. App. 2003), *trans. denied* (2004).

In *Anglin*, another panel of this Court interpreted the "lawful detention" statute,[1] focusing on when lawful detention begins and who performs the detention. *Id*. at 1016-17. There, Anglin was before the trial court for sentencing, and after the court pronounced a sentence of one year in the county jail, the court ordered him to wait in the hall for the transport officer to take him to jail. *Id*. at 1015. Instead of waiting, Anglin walked out of the courthouse and was not found until weeks later. *Id*. He was convicted of escape and appealed, challenging the sufficiency of the evidence to establish that he was under "lawful detention" when he fled. *Id*. The *Anglin* court interpreted the statutory phrase "any other detention for law enforcement purposes" and determined that the court's order effectively placed Anglin under lawful detention, reasoning that

> Indiana Code § 35-41-1-18 does not explicitly limit its application to situations in which a law enforcement officer has control of an individual. While that would generally be the accepted view of many of the factors which are considered as lawful detention, it is not necessarily so. Further, what is critical in determining the meaning of "any other detention for law enforcement purposes" is that an individual is being detained so that he is subject to legitimate law enforcement purposes. In this case, the law enforcement purpose for which Anglin was ordered to wait in the hallway was for transportation to the jail and incarceration to serve the sentence which he had just been ordered to serve. While the initial detention itself was not performed by a law enforcement officer, that is not fatal to the conviction for the

---

[1] *Anglin* interpreted Indiana Code Section 35-41-1-18, the predecessor statute to Indiana Code Section 35-31.5-2-186, which contained identical language to define "lawful detention."

crime as charged by the State. The trial court's order indicated that the sentence was to begin immediately, that actual incarceration would take place momentarily, and that Anglin was being turned over to the Sheriff's Department as soon as the hearing was over. Anglin was "detained" by the trial court in that he was not free to leave the building as soon as he was informed that the Sheriff's Department would pick him up at the designated location in the courthouse. That Anglin was not in the physical custody of the transport officer at the time that he fled does not exclude the conclusion that he was in "detention for law enforcement purposes."

*Id*. at 1017.

[7] Machan does not attempt to distinguish *Anglin*. Nor could he effectively do so, as the facts in this case are even more compelling regarding a finding of lawful detention. As best we can discern, he simply asks that we decline to follow *Anglin*. We decline his unsupported invitation. Here, the magistrate[2] ordered that Machan be detained when Machan admitted that he could not pay the increase in bond stemming from his failure to appear. When the deputy ordered Machan to put his hands behind his back and attempted to handcuff him, Machan fled. Whether the deputy actually touched Machan's arm before Machan fled is irrelevant, as the magistrate's order had been given and the officer's attempts to subdue Machan were clearly underway. Machan ran out of the courthouse and down the street, with officers in pursuit, and yelled "F**k

---

[2] Machan correctly observes that a magistrate is not considered a law enforcement officer under Indiana Code Section 35-41-1-17. Nevertheless, Indiana Code Section 33-23-5-5 empowers a magistrate to compel a witness's attendance, set bail, enforce court rules, and enter a final order.

you," when they ordered him to stop. Tr. Vol. 2 at 43. Based on these facts, we conclude that Machan intentionally fled lawful detention. Thus, the evidence is sufficient to support his escape conviction.

## Section 2 – Machan has waived his vagueness challenge to the lawful detention statute and has otherwise failed to establish that the statute is unconstitutionally vague.

[8] Machan also contends that Indiana Code Section 35-31.5-2-186, which defines lawful detention, is unconstitutionally vague because "[a] person of ordinary intellect would be hard pressed to realize that running from law enforcement would be the same as escaping from custody." Appellant's Br. at 16. Notably, he did not file a motion to dismiss his escape charge for constitutional defect. "[G]enerally, the failure to file a proper motion to dismiss raising a constitutional challenge waives the issue on appeal." *Lee v. State*, 973 N.E.2d 1207, 1209 (Ind. Ct. App. 2012), *trans. denied*. Because Machan failed to raise the issue by motion below, he has waived it for our consideration.

[9] Waiver notwithstanding, the issue of a statute's constitutionality is a question of law, and we review using a de novo standard, resolving any reasonable doubts and constructions in favor of the statute's constitutionality. *Id*. A person challenging the constitutionality of a statute must overcome a presumption that the statute is constitutional. *Id*. "A fundamental aspect of our nation's jurisprudence is that criminal statutes must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that no [person] shall be held criminally responsible for conduct which he could not

reasonably understand to be proscribed." *Id*. (quoting *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012)). In other words, "the statutory language must 'convey sufficiently definite warning as to the proscribed conduct when measured by common understanding.'" *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007) (citation omitted).

[10] Indiana Code Section 35-31.5-2-186 lists nine specific definitions for the term "lawful detention" followed by a catchall definition, which reads, "(10) any other detention for law enforcement purposes." Machan challenges this provision as "so broad as to render it unconstitutionally vague." Appellant's Br. at 14. We disagree. A catchall provision by its nature will be broader, in the interest of covering circumstances not specifically enumerated in other subsections. This eliminates the necessity of contemplating and listing every specific circumstance that amounts to lawful detention. Catchall provisions are included in a variety of statutes for this very reason.

[11] In *Woods v. State*, 236 Ind. 423, 425-26, 140 N.E.2d 752, 752-53 (1957), our supreme court reviewed a vagueness challenge to the statute defining the offense of "obtaining property under false pretense." The statute in effect at the time included the phrase, "obtains from any person, persons, firm or corporation any money, or the transfer of any bond, bill, receipt, promissory note, draft, or check, or thing of value." *Id*. at 426, 140 N.E.2d at 753. There, Woods obtained a shotgun by means of a forged invoice. *Id*. He challenged the catchall clause "or thing of value," claiming that the maxim of *ejusdem generis* limited the "things of value" to those in the same category as money, bonds,

bills, receipts, promissory notes, drafts, or checks, that is, commercial paper and like intangibles. *Id*. Our supreme court disagreed, concluding that "any reasonable person would recognize that a gun is a thing of value," and emphasizing that *ejusdem generis* is not a rule of mandatory application. *Id*. at 429, 140 N.E.2d at 754.

[12] Finally, "[a] statute is void for vagueness only if it is vague as applied to the precise circumstances of the instant case." *Zitlaw v. State*, 880 N.E.2d 724, 731 (Ind. Ct. App. 2008), *trans. denied*. Here, it is not vague. The magistrate told Machan that he was being detained, and while the deputy was attempting to place Machan in handcuffs, he fled. He ran outside the building and down the street, yelling profanities to pursuing officers who ordered him to stop. A person of ordinary intelligence would understand that he is fleeing from lawful detention in these circumstances. Even absent waiver, Machan has failed to establish that the statute is unconstitutionally vague. Accordingly, we affirm.

[13] Affirmed.

Vaidik, C.J., and Mathias, J., concur.