## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 15 2019, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner & Pattison
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald J. Howard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 15, 2019

Court of Appeals Case No.
18A-CR-1736

Appeal from the
Jefferson Circuit Court

The Honorable
Darrell M. Auxier, Judge

Trial Court Cause No.
39C01-1612-F3-1132

**Kirsch, Judge.**

[1] Donald J. Howard ("Howard") pleaded guilty to battery resulting in serious bodily injury[1] as a Level 3 felony and was sentenced to nine years, with six years executed in the Indiana Department of Correction ("DOC") and three years suspended to probation. He now appeals, contending that his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] Howard and B.C. ("Mother") are the parents of Z.H. On November 12, 2016, Mother, Howard, and Howard's parents took then six-week-old Z.H. to Riley Hospital for treatment of her torn frenulum.[2] Dr. Tara Harris examined Z.H. and said, "This is the worst injury of this type that I've seen in my career." *Tr. Vol. II* at 13. Dr. Harris also noted that Z.H. had bruises on her arms, jaw, cheek, thigh, and knees, plus abrasions on her left knee and ankle, and on her back. *Id.* at 11-12. X-rays revealed that Z.H. had a broken clavicle and had suffered many broken ribs, five on the left side and three on the right. *Id.* at 14-17. Z.H. also had hairline fractures to her left arm, wrist, and femur. *Id.* at 18-21, 28. Dr. Harris concluded that Z.H.'s injuries were sustained over time and were not the result of an accident. *Id.* at 11, 12, 14-18. Dr. Harris concluded that the injuries were characteristic of severe physical abuse and would have

---

[1] *See* Ind. Code § 35-42-2-1(c)(1), (j).

[2] The frenulum is the "little piece of tissue that connects the upper lip to the gums." *Tr. Vol. II* at 12.

been extremely painful when sustained. *Id*. at 30-31. The hospital alerted the police to Z.H.'s injuries.

[4]    Thereafter, the State charged Howard with Count I, Level 3 felony battery resulting in serious bodily injury to a child under fourteen years of age, and Count II, Level 3 felony neglect of a dependent resulting in serious bodily injury. Pursuant to a written agreement, Howard pleaded guilty to Count I, with sentencing left to the discretion of the trial court, and the State agreed to dismiss Count II. *Appellant's Conf. App*. at 55-56. During the pendency of the action, and in connection with these charges, Howard was involved in a Child in Need of Services ("CHINS") proceeding in Jefferson County. *Id*. at 28.

[5]    At the sentencing hearing, Dr. Harris testified for the State regarding Z.H.'s extensive injuries. The defense presented the testimony of Howard, Mother, and four individuals who had provided services pertaining to the CHINS proceeding. When asked whether he could remember the events that caused Z.H.'s injuries, Howard said, "There was a couple of times that I may have squeezed her too hard." *Tr. Vol. II* at 105-06. Even so, Howard denied any knowledge that he had harmed Z.H. *Id*.

[6]    At the close of the sentencing hearing, the trial court accepted Howard's guilty plea and set forth the following aggravating circumstances: (1) Z.H. was less than twelve years old and was in Howard's care and custody; (2) Z.H. was severely abused on several occasions; (3) damage to her upper lip was the worst such injury Dr. Harris had ever seen; (4) the injuries were the result of severe

physical abuse; and (5) Howard, claiming that he was unsure how the injuries occurred, had not accepted full responsibility for his actions. *Id.* at 11-21, 30-31. Regarding mitigating factors, the trial court found: (1) Howard has minimal criminal history and has successfully completed community supervision in the past; and (2) Howard has taken substantial steps to address his problem. Explaining that the aggravating factors and the mitigating factors "balance each other out," the trial court sentenced Howard to nine years, with three years suspended to probation. *Id.* at 176. Howard now appeals.

## Discussion and Decision

[7] Howard contends that his sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008); *Yoakum v. State*, 95 N.E.3d 169, 176 (Ind. Ct. App. 2018), *trans. denied.*

[8] We independently examine the nature of Howard's offense and his character under Appellate Rule 7(B) with substantial deference to the trial court. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "[W]e do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Howard bears the burden of persuading us that his sentence is inappropriate in light of the nature of the offense and his character. *Id.*

[9] We begin by noting that Howard sets out his entire argument regarding the nature of the offense by saying: "Howard argues the sentence ordered by the trial court was inappropriate and seeks any revised sentence this court finds to be appropriate based on the facts and circumstances of this case. Howard respectfully requests this Court exercise its power to revise his sentence . . . ." *Appellant's Br*. at 10-11. The State maintains that Howard has not set forth an analysis for the nature of the offense and that this failure to argue both prongs of Rule 7(B) results in waiver of his inappropriateness claim. *Appellee's Br*. at 8. As we explain below, whether by waiver or on the merits, we conclude that Howard's sentence was not inappropriate.

[10] "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Croy v. State*, 953

N.E.2d 660, 664 (Ind. Ct. App. 2011). Howard admits, "It is incontrovertible that the crime of battery on a person under the age of 14 is a serious one, with sometimes lasting consequences on victims." *Appellant's Br*. at 10. We find that statement particularly true under the facts here. Howard battered Z.H. over a period of time. Z.H., who was at that time only six weeks old, suffered substantial injuries, including more than ten broken bones, a number of contusions and abrasions, and a tear of her frenulum, which was the most serious tear Dr. Harris had seen in her career. *Tr. Vol. II* at 11-31. Z.H. was Howard's child and was in his care at the time the crimes were committed.

[11] "The 'character of the offender' portion of the standard refers to the general sentencing considerations and the relevant aggravating and mitigating circumstances." *Reis v. State*, 88 N.E.3d 1099, 1104-05 (Ind. Ct. App. 2017). Howard claims his good character arises from the fact that he is at moderate risk to reoffend, he accepted responsibility for his actions, he pleaded guilty, he cooperated with the CHINS proceeding, and he has a limited criminal history. *Appellant's Br*. at 13. We are not persuaded that a moderate risk to reoffend reflects an exemplary character, and we agree with the trial court that Howard's statement that he may have squeezed Z.H. suggests that Howard has not accepted full responsibility for his actions. *Tr. Vol. II* at 105-06. While cooperating in the CHINS proceeding is commendable, that cooperation does not necessarily reflect good character regarding Howard's repeated battery toward Z.H. Finally, regarding criminal history, the trial court did not find that

Howard had *no* criminal history. Instead, it found that he had minimal criminal history. *Id.* at 176.

[12] "The advisory sentence is the starting point to determine the appropriateness of a sentence." *Eisert v. State*, 102 N.E.3d 330, 334 (Ind. Ct. App. 2018) (citing *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g,* 878 N.E.2d 218 (Ind. 2007)), *trans. denied.* By entering into the written agreement, Howard agreed to plead guilty to one Level 3 felony battery resulting in serious bodily injury to a child under fourteen years of age, and in exchange, the State dismissed a second Level 3 felony neglect of a dependent resulting in serious bodily injury. The sentencing range for a Level 3 felony is between three years and sixteen years, with the advisory being nine years. Ind. Code § 30-50-2-5(b). Based on the nature of the offense and Howard's character, we cannot say that the advisory sentence of nine years, of which three were suspended to probation, is inappropriate

[13] Affirmed.

Riley, J., and Robb, J., concur.